GREEN *v.* STATE.

Opinion delivered June 25, 1917.

FENCING DISTRICTS—PENALTY.—The penalty provided in Act of 1915, p. 707, relative to fencing districts, does not apply to a district formed under the Act of 1907, p. 474.

Appeal from Pike Circuit Court; *Jefferson T. Cowling,* Judge; reversed and dismissed.

*W. S. Coblentz,* for appellant.

1. The last statute (Act 1915), amending the former statute, operates as a dissolution of the former district, but if the district was not abrogated, the penalty of the new statute does not apply. 31 Ind. 11; Black's Law Dict. 1204; 36 Cyc. 1224; 25 *Id.* 613; 68 Ark. 433; 89 *Id.* 598; 53 *Id.* 334. See also, 36 Cyc. 1083, 1165. The district formed in 1907 was completely annulled and abrogated and it was no violation of law for hogs to run at large. The only remedy was to impound.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

The act of 1915 does not disturb the legal existence of districts created under the Act of 1907; it merely amends that act and appellant is liable to penalty prescribed by the latter act. Acts 1915, 708, § 1; 36 Cyc. 1083 (2), *Ib* 1223, § 5; 83 Va. 204; 110 N. Y. 216; 102 Me. 506. The amendatory act did not disturb the legal ex-

istence of the old district and appellant violated. the law under the amendatory act, as the offense was committed subsequent to the latter act.                              · ·· i.·

McCULLOCH, C. J. Appellant was convicted of the charge of violating the terms of a special statute applicable to Pike County, authorizing the creation of stock districts and forbidding the running at large therein of certain animals. The original statute under which the district was formed (Acts of 1907, p. 474), authorized the county court of Pike County, upon petition of a majority of the electors of that county, or any subdivision thereof, or of persons whose cultivated lands were to be included, to form a district consisting of not less than five square miles, wherein hogs, sheep and goats, or such class or classes of those animals as might be specified in the petition, should be prohibited from running at large. The statute specified what should constitute a lawful fence within the district so formed, and provided further that any of the forbidden stock found running at large could be impounded by the owner of the land or other person in possession, and detained until the fees, expenses and damages be paid. No other penalty was provided.

The statute was amended by the General Assembly in 1915 (Acts of 1915, p. 707), the first section being amended so as to require that a district so formed should consist of not less than "five miles square," instead of "five square miles," as provided in the original act, and also to prohibit the running at large of geese in a district so formed. Another section of the statute was amended so as to prescribe a penalty of not less than $5.00 nor more than $25.00, to be assessed against any person permitting stock to run at large in the district.

A district was formed under the Act of 1907, prior to the enactment of the amendatory statute in 1915, and the charge against appellant is for allowing his stock to run at large in said district since the passage of the last statute.

The contention of counsel for appellant is that the last statute, amending the old one, requiring a district so

formed to be not less than five miles square, operates as a dissolution of districts of smaller area formed under the old statute; and also that, even if the old district was not abrogated by the new statute, the penalty prescribed in the new statute does not apply to it. The new statute works a material change in the shape of a district. Under the old statute, the only requirement was that there should be an area of at least five square miles, whereas, under the last statute, the requirement is that it must be at least five miles square. The amendment of the old statute is in express terms, and necessarily constituted a substitution of the new statute for the old one.

There can be no question about the new statute being exclusive so far as it operates prospectively, as no authority remains in the county court under the old statute to create a district not in accordance with the requirements of the new statute. The Attorney General insists that the new statute does not work an abrogation of a district formed under the old statute and relies upon the rule stated in some quarters that an amendatory act should not be construed so as to give it a retroactive effect to affect proceedings instituted or judgments and orders rendered prior to its passage, unless specified in express terms. 36 Cyc., p. 1223.

It is perhaps better for us not to decide now what effect the new statute has on the existence of a district formed under the old act, as it is not necessary to do so in this case. We think the contention of appellant that the penalty feature of the new statute does not apply to a district formed under the old act, is sound. The effect of the new statute is to substitute its provisions and to incorporate them fully into the old statute, the same as if they had been originally written there, but if the terms of the old statute are to be treated as unaffected by the new so far as concerns districts already formed, then it necessarily follows that the penalty feature of the statute, which is only prospective in its operation, could not be operative so far as concerned districts which depended entirely for their validity upon the terms of the

old statute. In other words, we hold, without deciding whether or not the old district remains in force, that, conceding that it does, the penalty prescribed under the new statute does not apply to it, and that the only penalty enforceable there is the one prescribed by the terms of the old statute of impounding stock found running at large. The judgment of the circuit court imposing the penalty on appellant is, therefore, reversed and the cause dismissed.