BUSBY *v.* REID.

Opinion delivered March 24, 1919.

1. ANIMALS—STOCK LAWS—CONSTRUCTION OF STATUTE.—Acts 1915, p. 707, amending Acts 1907, p. 474, authorizing the county court of Pike County, on petition, to form a district not less than 5 miles square wherein certain animals should be prohibited from running at large, operates to extinguish a district formed under a former statute which permitted the organization of districts comprising five square miles.

2. CONSTITUTIONAL LAW—DISSOLUTION OF STOCK DISTRICT.—The Legislature may, without impairing vested rights, dissolve any district formed under a statute authorizing the creation of a district not organized for any length of time wherein animals are prohibited from running at large.

3. ANIMALS—RIGHT TO IMPOUND.—The right to impound stock running at large depends entirely upon the statute conferring that right, which must be strictly construed.

Appeal from Pike Circuit Court; *J. S. Lake,* Judge; reversed.

*W. S. Coblentz,* for appellant.

1. The act of 1907, Acts 1907, p. 474, was repealed by act of 1915, Acts 1915, p. 707, and the old district was thereby dissolved. All rights under a repealed statute are lost by its repeal unless saved by express words or there be vested rights, and in this case there were none. 31 Ind. 11; 130 Ark. 67; 36 Cyc. 1083, 1224; 68 Ark. 433; 89 *Id.* 598.

2. The court erred in declaring the law. The right to impound animals running at large is purely statutory; the requirements of the statute must be strictly complied with. 1 Enc. of Proc. 981. Penal statutes are construed strictly. 1 R. C. L. 1149. The hog law district of the act of 1907 was annulled by the amendment of 1915.

*O. A. Featherston,* for appellee.

1. The old district was not annulled by the amendment to Act 1907. It was merely a change in the scope of the application of section 1 of Act 201, Acts 1907. There are no words showing an intention to nullify the old law

or district. 15 Ark. 555; 94 *Id.* 422; 58 *Id.* 113; 34 *Id.* 263, 269; 130 *Id.* 67; 6 *Id.* 484; 85 *Id.* 390.

2. There was no error in the instructions and the case was properly submitted to the jury. The verdict is sustained by the law and the evidence and the judgment should be affirmed. 85 Ark. 930.

McCULLOCH, C. J. This is an action in replevin to recover possession of certain hogs, the property of plaintiff, which were impounded by defendant while trespassing on the enclosed lands of the latter.

A fencing district in Pike County was formed pursuant to the terms of a special statute (Acts of 1907, p. 474) which provided for the formation of such districts by order of the county court on petition of the owners of property in the territory to be affected, which was, according to the terms of the statute, not to consist of less than "five square miles." The statute also contained provision for impounding stock trespassing on enclosed lands inside of a prohibited area.

The Legislature of 1915 amended the first section of the statute (Acts of 1915, p. 707) by providing that a district so formed shall consist of not less than "five miles square," and another section of the new statute prescribes a penalty for allowing stock to run at large in the district.

The case of *Green* v. *State*, 130 Ark. 67, was a criminal prosecution under the statute for permitting stock to run at large in a district which had been formed under the original statute prior to its amendment, and we held that the penalty prescribed by the statute did not apply in a district organized under the old statute. We expressly pretermitted a decision of the question now presented, whether or not the amendment of the statute prescribing a larger area for such districts operated as a dissolution of districts formed under the old statute which do not come up to the requirements of the new statute.

Plaintiff's hogs were trespassing on enclosed lands inside the boundaries of the old district, and the question

is squarely presented now whether or not the old district is legally in existence.

We think that the amendment to the statute prescribing different requirements, and also prescribing a penalty for violations necessarily operated as a dissolution of districts formed under the old statute which do not meet the requirements of the new statute. The Legislature undoubtedly had power to dissolve any district formed under the statute. Such districts are not organized for any specified length of time, and are subject completely to the will of the lawmakers. No vested rights are involved. It is merely the exercise of a phase of the State's police power. The old statute stands amended according to the terms of the new statute, and since the old district does not conform to the law as it now stands it has no legal existence.

The right to impound stock running at large depends entirely upon statute conferring that right, which, according to settled rules, must be strictly construed.

The trial court erred in submitting the case to the jury under the law as established by the statute referred to.

Reversed and remanded for a new trial.