ERMERT *v.* HOWE.

4-6920                                                    167 S. W. 2d 144

Opinion delivered January 11, 1943.

*C. T. Bloodworth,* for appellant.

*Light & Light,* for appellee.

Robins, J.   In this suit, originally brought before a justice of the peace by the appellee, John Howe, against the appellant, Fred Ermert, for the possession of a mule, the appellee was awarded judgment for the animal by the circuit court.

On September 9th, 1941, this mule, of the value of $125, owned by appellee, a resident of Greene county, was taken up by Wright in his field in Clay county. The running at large of stock in both Green and Clay counties was prohibited by law.  Wright, having failed to locate the owner of the mule, on November 7th, 1941, went before a justice of the peace of his township, who docketed a case in which Wright was designated as plaintiff and "Unknown owner" was designated as defendant, the docket reciting that "the plaintiff files before me cause of action against the defendant for $13.50 as follows, to-wit: One black mare about 3 years old and two black mules about three and four years old." The justice of the peace issued a summons against "the defendant," returnable on November 17th, 1941, on which no return was shown.  On November 17th, 1941, the justice of the peace rendered a default judgment against "the defendant" for $33.35 and all costs, and thereafter issued an execution, under which the sheriff sold the mule in question to Ease Button, who sold it to the appellant. There is no record of any report of sale, and there is nothing in the record in this case to show the amount or disposition of the proceeds of the sale. The appellant did not tender any sum for costs, damages, or expenses before instituting this suit.

The applicable provisions of Act No. 206 of the General Assembly, approved March 21, 1925, which governed the impounding and sale of the appellee's mule, are as follows: "If the owner or keeper of such stock be unknown, then the taker up shall within three days post notices in three conspicuous places near where said stock was taken up, giving the kind of animal, age, color, marks and brands. . . When the notice, in cases where the owner or keeper is unknown has been posted five days and no person has appeared to claim said

stock and pay therefor as in cases where the owner or keeper is known, then the taker up shall go before the nearest justice of the peace and have a case docketed with himself and other claimants of damages as plaintiffs and the 'unknown owner' as defendant, and thereupon the justice of the peace shall issue a notice to be posted in three conspicuous places in said township giving the date of the taking up of said stock, a description of stock, and the amount of damages claimed and shall set a day for trial not less than ten days from the date of the notice, on which day the said justice of the peace shall empanel a jury who shall proceed to hear the evidence and fix the amount of damages, and render judgment therefor, including costs for taking up and feeding, against said stock. In all cases if the judgment and costs are not paid at once the said stock, after being advertised ten days by the constable of said township, shall be sold by him for cash in hand and out of the proceeds of said sale shall be paid first the costs of the trial and the sale and second the costs of taking up and feeding said stock, and third the judgment for damages."

It has been uniformly held that, in order to constitute a legal sale of an animal impounded under a stock law, the requirements of the law must be strictly observed. "Perhaps no principle of law is better settled or more firmly adhered to than that in all penal or summary proceedings for the divestiture of title to property, the law must not only be construed strictly, but its substantial requirements must be closely observed. Laws authorizing the summary seizure and sale of animals running at large come within this rule and must, in all essential provisions, be strictly pursued, otherwise the whole transaction is void *ab initio* and those assuming to act thereunder are trespassers and become liable as such to the owner. This principle holds true whether or not actual injury results to the owner by reason of a departure from the prescribed proceedings." 2 Am. Jur., 801. "The statutory requirements must be strictly complied with. As a general rule failure to follow the procedure prescribed by the statute providing for taking up, forfeiting, or selling animals running at large is fatal

to the validity of the sale. . . . At such a sale the pur-
chaser is charged with notice of all defects of title and
such gross irregularities as amount to a lack of authority
to sell. . . . It is for the purchaser to establish the
validity of his title and show that the owner's title was
legally divested, and he must establish the authority of
the selling officer to make the sale." 3 C. J. S., 1235, 1236.
In the case of *Busby* v. *Reid,* 138 Ark. 63, 210 S. W. 625,
Chief Justice McCulloch said: "The right to impound
stock running at large depends entirely upon statute
conferring that right, which, according to settled rules,
must be strictly construed."

According to the agreed statement of facts in this
case there was a failure to comply with the provisions of
the statute in at least five particulars. Wright, who im-
pounded the mule, did not post the required notice within
three days of the impounding; he did not, within five
days after the posting of such notice, go before the
nearest justice of the peace and have a suit for his
damages and for sale of the animal docketed; the justice
of the peace did not issue the notice required by law,
nor was such notice properly posted; and the justice of
the peace ignored the requirement of the statute that a
jury be empaneled. Other irregularities in the proceed-
ings were the rendering of judgment without service of
process for nearly three times the amount claimed in
the complaint, and the failure of the sheriff to make
any report of his sale.

It is insisted, on behalf of the appellant, that the
appellee's action should have failed, because the appellee,
before bringing suit, did not make a tender of costs, dam-
ages and expenses, and in support of this contention
certain decisions of this court apparently requiring such
a tender are cited. In each of those cases the suit was
against the impounder of the animal, and in none of
them did it appear that there was a failure, in the im-
pounding and subsequent proceedings, to comply sub-
stantially with the statute. This suit was not against
the one who took up the mule, but was against one
whose title depended upon the validity of the sale and
the proceedings authorizing the sale. It is clearly shown

by the record in this case that the sale of the mule by the sheriff was void and that appellee's title to the animal was not thereby divested.

The judgment of the lower court was correct, and must be affirmed.